IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 13-61478-WLH |
| JUDITH A AUGUSTINE aka | : | |
| JUDITH M AUGUSTINE aka | : | |
| JUDITH ALEXANDER AUGUSTINE aka | : | |
| JUDITH AUGUSTINE | : | CHAPTER 7 |
| | | |
| WILLIAM J. LAYNG, JR., TRUSTEE | : | |
| FOR THE ESTATE OF JUDITH A. | : | |
| AUGUSTINE | : | ADVERSARY CASE NO. _____ |
|    Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| TRANSAMERICA LIFE INSURANCE | : | |
| COMPANY formerly known as | : | |
| TRANSAMERICA OCCIDENTAL LIFE | : | |
| INSURANCE COMPANY | : | |
|    Defendant | | |

### COMPLAINT FOR TURNOVER

Comes now, William J. Layng, Jr., Chapter 7 Trustee for the Estate of Judith A. Augustine ("Trustee") and files his Complaint for Turnover and shows the Court as follows:

1.

This Court has jurisdiction over this case pursuant to 28 U.S.C. 1334, 157 and 11 U.S.C. 542.

2.

This matter constitutes a core proceeding pursuant to 28 U.S.C. 157 (b)(2)(A) and (E).

3.

Venue is proper in this Court pursuant to 28 U.S.C. 1409 as arising in the chapter 7 case of Judith A. Augustine ("Debtor"), Case Number 13-61478-WLH pending in the Northern District of Georgia, Atlanta Division.

4.

This proceeding is initiated pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5.

Defendant Transamerica Life Insurance Company ("Transamerica") may be served pursuant to Federal Rule of Bankruptcy Procedure 7004(1) via first class mail to:

Transamerica Life Insurance Company
C T Corporation System
1201 Peachtree Street NE
Atlanta, GA 30361

6.

Debtor filed her petition under title 11 chapter 7, Case Number 13-61478-WLH on May 25, 2013. Plaintiff was appointed as interim chapter 7 trustee at that time and thereafter became permanent Trustee at the first meeting of creditors held on June 24, 2013.

7.

Debtor's father, Cecil Alexander, Jr., died on July 30, 2013.  As his death was within 180 days of the Debtor's filing date any interest the Debtor has in her father's estate is property of the bankruptcy estate under 11 U.S.C. 541 (a)(5). The debtor's father had a life insurance policy with Transamerica Occidental Life Insurance Company which merged with Defendant effective October 1, 2008. This life insurance policy number is 92395112.  This policy was meant to pay Debtor in lieu of Debtor taking a distribution from her father's estate. The benefit to be paid under the policy is not payable until the Debtor's father's spouse, Helen E Alexander dies.  Helen E Alexander died on November 24, 2014.  It is the Trustee position that the funds due Debtor under the policy are property of the bankruptcy estate and should be turned over to the Trustee for distribution to the Debtor's creditors.

WHEREFORE, Plaintiff prays that this Court order Defendant to turnover to Plaintiff all funds due Debtor under life insurance policy number 92395112; and that this Court enter any further orders that it deems to be just and proper.

/s/ William J. Layng, Jr.
William J. Layng, Jr., Bar No. 441550
Attorney for Trustee
Suite 1500
400 Galleria Parkway
Atlanta, GA 30339
678-385-5920
blayng@wlaynglaw.com